## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

**IN RE THE APPLICATION OF JASON LEOPOLD AND BUZZFEED, INC. FOR ACCESS TO CERTAIN SEALED COURT RECORDS**

</td><td>

No. 1:20-mc-00095-BAH

</td></tr>
</table>

### RESPONSE OF JASON LEOPOLD AND BUZZFEED, INC. TO
### <u>ORDER TO SHOW CAUSE</u>

Petitioners Jason Leopold and BuzzFeed, Inc. ("Petitioners") hereby submit this response to the Court's October 5, 2020 minute order directing them to show cause why the above-captioned action should not be consolidated with *In re Application of Jason Leopold*, No. 13-mc-712-BAH ("*In re Leopold*"), now pending before the Court on remand from the D.C. Circuit.

Petitioners do not oppose consolidation if the Court determines, in its discretion, that consolidation is warranted and will not prejudice Petitioners. *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (Howell, C.J.). However, for the reasons detailed below, Petitioners do not view consolidation as needed to guard against the risk of inconsistent rulings on common factual or legal questions, *id.*; nor, in Petitioner's view, will consolidation result in greater convenience or economy. *Cf. Colbert v. FBI*, 275 F.R.D. 30, 32 (D.D.C. 2011) (defendants' motion to consolidate granted where consolidation would "facilitate a more efficient resolution" of the cases). Petitioners seek to bring to the Court's attention certain factual matters—including differences in the parties and the relief sought in the above-captioned matter—that may affect the Court's balancing of the relevant considerations, and thus its determination as to whether consolidation is appropriate.

## RELEVANT BACKGROUND

I.    *In Re Leopold*

In July 2013, Jason Leopold, an investigative reporter now with BuzzFeed News, petitioned this Court for an order unsealing judicial records related to "three kinds of court orders authorizing electronic surveillance: judicial warrants issued pursuant to the Stored Communications Act (SCA), court orders issued pursuant to § 2703(d) of that Act, and court orders issued pursuant to the Pen Register Act[]"—materials that have been "routinely maintained . . . under seal." *In re: In the Matter of the Application of Jason Leopold to Unseal Certain Electronic Surveillance Applications and Orders,* 964 F.3d 1121, 1123–25 (D.C. Cir. 2020) ("*Leopold*").  In August 2016, the Reporters Committee for Freedom of the Press (the "Reporters Committee") successfully moved to intervene.  *Id*. at 1125.

Thereafter, "[g]uided by [the Court]," counsel for the Reporters Committee, Mr. Leopold, and the United States Attorney's Office for the District of Columbia ("USAO-DC") engaged in discussions pursuant to which Mr. Leopold and the Reporters Committee—with the aim of reaching agreement on "meaningful steps to improve transparency"—voluntarily agreed to narrow the specific relief sought by their applications.  *Id*. at 1125–26 ("From the record, this case appears to be marked by remarkable good faith and accommodation.").  Despite this "cooperation, the parties eventually reached an impasse[]" as to additional, specific relief sought by Mr. Leopold and the Reporters Committee.  *Id*. at 1126.  The Court denied the additional relief sought by petitioners and later denied reconsideration.  *Id*.  The petitioners appealed.

On appeal, the D.C. Circuit held, first, that SCA warrants, SCA § 2703(d) orders, and orders authorizing the use of a pen register or trap and trace device, as well as "applications for such orders and their supporting documents (e.g., accompanying affidavits)[,]" and related "court dockets" are "judicial records."  *Id.* at 1128–29.  It further held that the strong common-law

presumption in favor of public access applies to judicial records in SCA warrant and SCA §

2703(d) matters.  *Id*. at 1129; *see also United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir.

1980) ("*Hubbard*") (noting the "important presumption in favor of public access to all facets of

criminal court proceedings").  The D.C. Circuit held that the Pen Register Act ("PRA")—unlike

the SCA—"displace[s] the usual presumption in favor of access" as to pen register orders, but

does "not displace the common-law standard enshrined in the *Hubbard* balancing test."  *Id*. at

1130.  Thus, the D.C. Circuit concluded that, in evaluating requests to unseal PRA materials,

courts "should apply the traditional *Hubbard* balancing test—albeit without a thumb on the scale

in the case of pen register orders."  *Id*. at 1130–31.

The D.C. Circuit further concluded that "[a]dministrative burden is relevant to *how* and

*when* a judicial record may be unsealed, but not to *whether* it may be released at all."  *Id*. at 1123

(italics original); *see also id*. at 1134 ("[T]he burden of producing judicial records may not

permanently foreclose their unsealing. . . .  Administrative burden, when taken into consideration

as necessary to protect other relevant interests, may affect how and when judicial records may be

released.  But it is not dispositive of whether judicial records may be released at all.").

Observing that this Court had "already taken important steps to increase the transparency of

filings related to the electronic surveillance orders at issue on this appeal," the D.C. Circuit

"remand[ed] the case to [this Court] to determine, in its sound discretion, how and when greater

access can be provided."  *Id*. at 1135.

Following remand, on September 1, 2020, the Court issued a minute order directing the

parties to submit their positions as to six issues identified by the Court.  Following a telephonic

meet and confer with counsel for the Reporters Committee and Mr. Leopold, on September 25,

2020, the USAO-DC filed an unopposed request for an enlargement of time to November 1,

2020, for the parties to respond to the Court's September 1, 2020 minute order.  Unopp. Mot. for Ext. of Time, *In re Leopold*, ECF No. 66.  The Court granted that motion on September 28, 2020.  On October 6, 2020 the Court issued a minute order directing the parties in *In re Leopold* "to include, in their response" to the September 1, 2020 minute order "an explanation why [the above-captioned matter] should not be consolidated with this case."

## II.   The Above-Captioned Matter

On September 17, 2020, Petitioners filed an application for an Order unsealing court records related to requests made by or on behalf of the U.S. Drug Enforcement Administration ("DEA") for judicial authorization for it to engage in electronic surveillance for any non-Title 21 investigative or law enforcement purpose.  *See* Application, *Application of Jason Leopold and BuzzFeed, Inc. for Access to Certain Sealed Court Records* ("*Leopold Application*"), No. 1:20-mc-95-BAH (D.D.C. Sept. 17, 2020).  Specifically, Petitioners sought the unsealing of warrants issued pursuant to the SCA, court orders issued pursuant to SCA § 2703(d), court orders issued pursuant to the PRA, and related judicial records, reflecting any such requests made by or for the DEA for a non-Title 21 investigative or law enforcement purpose on or after May 31, 2020.  *Id*.

The application was prompted by Petitioners' reporting that the DEA had been granted a temporary, two-week delegation of "non-Title 21 enforcement duties" by the Attorney General pursuant to 21 U.S.C. § 878(a)(5), empowering it to enforce all federal criminal laws—not just those related to drugs—on a nationwide basis, in the wake of protests sparked by the police killing of George Floyd in Minneapolis, Minnesota on May 25, 2020.  *See* Application Exhibit A, *Leopold Application*, ECF No. 1-2 at 3–6.  Petitioners' reporting relied on a two-page memorandum, dated May 31, 2020, from Timothy Shea, Acting Administrator of the DEA, to the Deputy Attorney General.  *See* Application Exhibit B, *Leopold Application*, ECF No. 1-3.

According to the memorandum, this temporary designation authorized DEA Special Agents and Task Force Officers to, *inter alia*, "conduct covert surveillance[,]" and "engage in investigative and enforcement activity" to enable the "DEA to assist to the maximum extent possible in the federal law enforcement response to protests which devolve into violations of federal law[.]" *Id.* at 2.

In support of their application, Petitioners cited the D.C. Circuit's holdings in *Leopold* concerning application of the strong common-law presumption of access to judicial records in SCA warrant and SCA § 2703(d) matters, as well as its holding concerning application of the *Hubbard* test to judicial records in PRA matters. *See* Mem. of Law in Support of Application, *Leopold Application*, ECF No. 1-1 at 9–10. On October 5, 2020, the Court issued a minute order in the above-captioned matter directing Petitioners to show cause "why this action should not be consolidated with" *In re Leopold*.

## ARGUMENT

District courts enjoy broad discretion in determining whether consolidation is appropriate under Federal Rule of Civil Procedure 42(a). *See, e.g., Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286; *Moten v. Bricklayers, Masons & Plasterers Int'l Union*, 543 F.2d 224, 228 n.8 (D.C. Cir. 1976) ("[T]he question of consolidation . . . is ordinarily left to the sound discretion of the District Court."). "In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286; *see also Chang v. United States*, 217 F.R.D.

262, 265 (D.D.C. 2003) (indicating that courts balance "considerations of convenience and economy against considerations of confusion and prejudice").

Through their application in the above-captioned matter, Petitioners seek the unsealing of docket sheets, as well as the underlying sealed judicial records, in a small number of specific SCA and PRA matters from a discrete time period beginning on May 31, 2020. *See* Application, *Leopold Application*, ECF No. 1 at 2–3. Petitioners are informed and believe that the SCA and PRA matters at issue in the above-captioned case were initiated by the U.S. Department of Justice. *Id.* at 7. At present, only the USAO-DC is a party in *In re Leopold*.

The above-captioned case is in a different procedural posture than *In re Leopold*. *Cf. Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of the Treasury*, 2013 WL 12310810 (D.D.C. Sept. 6, 2013), at *1 ("[N]either confusion nor prejudice to the parties is at issue because both cases are at an early stage of litigation."). And, although the specific records sought by Petitioners in the above-captioned case fall within the same categories of judicial records at issue in *In re Leopold*, the relief sought in each case differs and may not overlap. Indeed, as noted above, the Court has ordered the parties in *In re Leopold* to provide their positions, on or before November 1, as to a list of issues related to, *inter alia*, the specific relief sought by the Reporters Committee and Mr. Leopold on remand, and the relief mandated by the D.C. Circuit's *Leopold* decision. These issues include, for example, "whether implementation of [the D.C. Circuit's] mandate must encompass the unsealing" of "basic docket information and applications (and supporting documents), orders, and docket entries" for SCA and PRA matters "in all closed investigations, notwithstanding any limitations previously agreed to by petitioners, who, for example, confined their unsealing request to applications filed by the [USAO-DC] from 2008 to the present, when such applications pre-date 2008 and are also filed in this Court by the U.S.

Department of Justice." Minute Order, *In re Leopold* (Sept. 1, 2020). Accordingly, in Petitioners' view, consolidation would not result in greater convenience or economy for the parties or the Court.

Further, litigating these matters separately poses little risk of inconsistent rulings on common legal or factual questions. *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286. For example, application of the *Hubbard* analysis to determine whether and to what extent the strong common-law presumption of access recognized by the D.C. Circuit in *Leopold* is overcome as to the SCA materials sought by Petitioners will turn on the specific contents of those judicial records. In addition, given the narrow scope of Petitioners' application, administrative burden— which may be "relevant to how and when a judicial record may be unsealed" and, Petitioners anticipate, will be considered by the Court in *In re Leopold* in determining "how and when greater access can be provided" to the categories of judicial records at issue in that case—should not be a consideration in the above-captioned matter. *Leopold*, 964 F.3d at 1123; *see also, e.g.*, Mem. Op. and Order, *In re Application for Access to Certain Sealed Warrant Materials.*, No. 19-mc-44-BAH (D.D.C. May 21, 2019) (ordering, *inter alia*, the government to file redacted versions of judicial records related to five SCA warrants relevant to the prosecution of Michael D. Cohen, the former personal attorney for President Donald Trump).

## CONCLUSION

For the foregoing reasons, Petitioners do not oppose consolidation if the Court determines, in its discretion, that consolidation is warranted and will not prejudice Petitioners. In light of the above, however, Petitioners do not believe consolidation is necessary to guard against the risk of inconsistent rulings, or that consolidation will result in greater convenience or economy for the Court or the parties.

Dated:  October 12, 2020

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
D.C. Bar No. 1026115
THE REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: (202) 795-9300
Fax: (202) 795-9310

*Counsel for Petitioners Jason Leopold and
BuzzFeed, Inc.*